# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

THE HANOVER INSURANCE COMPANY, Respondent,
*v.* THE GERMANIA INSURANCE COMPANY, Appellant, and ALEXANDER STODDARD, Respondent.

*Order fixing the commissions of a receiver, under section 3320 of the Code of Civil Procedure, is reviewable on an appeal to the General Term — costs and an extra allowance cannot be awarded until the action has been determined.*

Appeal from an order fixing the receiver's compensation and granting allowances to the attorneys.

By an order made in this action on the 23d day of February, 1884, Alexander Stoddard was appointed manager to close up the business of the New York Underwriters' Agency, and receiver of the property, moneys and matters pertaining to the closing up of its business. This agency was a voluntary association of insurance corporations for the transaction of the business of fire insurance. A similar organizaation, to which the Hanover, Germania, Republic and Niagara Fire Insurance Companies belonged, had existed, prior to 1874, under the general management of Mr. Stoddard. A new one was formed in the latter part of 1873, of which the only members were the two companies, which are parties to this suit. This agency was to continue ten years from January 1, 1874, unless terminated sooner, by three months' notice, but, whenever terminated, its affairs were to be wound up by Mr. Stoddard, unless both companies should object. Differences arose between the companies leading to litigation in 1883, and resulting in the appointment of Mr. Stoddard, as receiver, by the order already mentioned. After acting as receiver about eleven months Mr. Stoddard appears substantially to have completed the execution of his trust. He then applied to the court for an order allowing his accounts and fixing his commissions. His accounts were approved, his fees were fixed at $20,000 and his attorneys were granted an allowance of $1,500. An allowance of $750 was also

made to the attorneys for the Germania Insurance Company, the present appellant, for which, however, they did not ask.

The court at General Term said: "No objection is made to the confirmation of the receiver's accounts, but the appellant insists that the compensation awarded to the receiver is excessive and that there is no authority whatever for the allowances to the attorneys under such circumstances as existed in this proceeding.

"The learned counsel for the receiver suggests that the act of the court below in fixing the commissions of his client cannot be the subject of an appeal to the General Term, in the absence of any proof tending to show an abuse of the discretion conferred by section 3320 of the Code of Civil Procedure, which provides that a receiver is entitled to such commissions, not exceeding five per cent upon the sum received and disbursed by him, 'as the court by which or the judge by whom he is appointed allows.' This discretion, however, is subject to the supervisory jurisdiction of the same court at General Term. In the absence of authority it would seem plain that the allowance of compensation to a receiver, in excess of the fair and reasonable value of his services, affects a substantial right of any party having an interest in the fund out of which the commission is to be paid; but there is express authority to the effect that those cases relating to the compensation of receivers, which are not governed by the statute commonly known as the Haggerty act (Laws 1883, chap. 378), 'are subject to the control of the Supreme Court in the exercise of its discretion at the Special Term, and upon review at the General Term, within the limit of five per cent.'" (*Matter of Atty.-Genl.* v. *Guardian Life Ins. Co.*, 93 N. Y., 631.)

After considering this question on its merits, as shown by the papers, the opinion proceeds: "We are satisfied that he would be amply compensated by allowing him $10,000. His commissions will, therefore, be reduced to this amount. We are unable to find any authority upon which the allowances to the attorneys for the parties can be sustained. The action has not been determined. There has been no award of costs, hence there can be no 'additional allowance.'

"The order appealed from should be modified by reducing the commissions of the receiver to $10,000 and by striking out the allowances to the attorneys, and as thus modified affirmed, without costs."

*William G. Wilson,* for Germania Fire Insurance Company.

*Joseph N. Auerbach,* for the receiver.

Opinion by BARTLETT, J.; VAN BRUNT, P. J., and DANIELS, J., concurred.

Judgment modified as directed, and affirmed as modified, without costs.